IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           Case No.  17-10037-JWB

ERIC A. DEHOFF,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to appoint counsel.  (Doc. 48.)  For the reasons stated below, the motion is DENIED.

On July 21, 2017, Defendant Eric A. Dehoff pled guilty to Count 1 of the indictment against him: Count 1 charged Defendant with possession with intent to distribute a controlled substance under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), Counts 2 and 4 charged him with possession of a firearm by a prohibited person under 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Count 3 charged Defendant with possession with intent to distribute a controlled substance under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and Count 5 charged Defendant with possession with intent to distribute a controlled substance under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  (Doc. 8 at 1-3; Doc. 38 at 1.)  Defendant was committed to a term of imprisonment of 120 months, and upon release, to a 5-year term of supervised release.  (Doc. 38 at 2–3.)

Defendant filed a motion to appoint counsel on June 27, 2024 (Doc. 32) to assist him with filing a motion to reduce his sentence.  "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."  *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).  Section 3582 allows for a possible sentence

reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2).

First, Defendant has no constitutional right to appointment of counsel beyond his direct appeal. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). This lack of a "right to counsel extends to a § 3582(c)(2) motion." *United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015). Nevertheless, a federal district court has discretion to appoint counsel to assist a Defendant's pursuit of a § 3582 motion. *See United States v. Francom*, No. 2:09-CR-150 TS, 2021 WL 321969, at *2 (D. Utah Feb. 1, 2021) (citing *United States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008)). However, Defendant has not actually filed a § 3582 motion in this case, but rather is seeking appointed counsel for the purpose of filing such a motion. Notably, Defendant states that he has drafted a motion "for this matter" but he would like counsel appointed "to look into relief." (Doc. 48 at 1.) The court notes that many—if not all—prisoners filing pro se motions lack a highly developed understanding of the law. But despite this lack of legal knowledge, many try their hand at filing a motion and sufficiently do so on their own behalf. Defendant may file the motion he has already drafted and the court will consider whether counsel is necessary at that time.

Thus, the court concludes that Defendant failed to provide a sufficient compelling reason for it to exercise its discretion and appoint counsel on a matter in which there is no constitutional right to counsel. Therefore, Defendant's motion to appoint counsel (Doc. 48) is DENIED.

IT IS SO ORDERED. Dated this 24th day of September, 2024.

          __s/ John W. Broomes_____
          JOHN W. BROOMES
          UNITED STATES DISTRICT JUDGE